UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

IQBAL N. SULEHRIA,
PLAINTIFF,

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

THE STATE OF NEW YORK,
DEFENDANT.

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)_

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JUN 1 3 2012

LAWRENCE K. BAERMAN, CLERK
ALBANY

**AMENDED
COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION**

Jury Trial: ☑ Yes ☐ No
_(check one)_

1:12 Civ. 0021 (LEK/ATB)

1) This action is brought for discrimination in employment pursuant to: _(check only those that apply)_

☑ Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
   _NOTE: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission._

☑ Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
   _NOTE: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission._

☐ Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
   _NOTE: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission._

☑ New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

☑ New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

(PAGE 1 OF 9 PAGES)

## 2) Parties in this complaint:

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name IQBAL N. SULEHRIA
Street Address 1117 CONEY ISLAND AVE SUITE 2F
County, City BROOKLYN N.Y.
State & Zip Code N.Y. 11230
Telephone Number 347-543-9616

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant Name THE STATE OF NEW YORK - ON BEHALF OF THE STATE OF NEW YORK MR. ERIC SCHENIDERMAN
County, City THE CAPITOL ALBANY
State & Zip Code N.Y. 12224-0341
Telephone Number (518) 474-7330

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer PLEASE SEE INFRA.
Street Address _____
County, City _____
State & Zip Code _____
Telephone Number _____

## 3) Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

- ✓ Failure to hire me.
- ___ Termination of my employment.
- ___ Failure to promote me.
- ___ Failure to accommodate my disability.
- ___ Unequal terms and conditions of my employment.
- ___ Retaliation.

(PAGE 2 OF 9 PAGES)

    ✓    Other acts *(specify)*: **PLEASE SEE INFRA.**

*Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.*

B. It is my best recollection that the alleged discriminatory acts occurred on: **PLEASE SEE INFRA.**
*Date(s)*

C. I believe that defendant(s) *(check one)*:

    ✓    is still committing these acts against me.

    ____    is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

- ☐ race ____
- ☐ color ____
- ☐ gender/sex ____
- ☐ religion ____
- ☒ national origin **AND OR ETHNICITY PAKISTANI AND OR MIDDLE EASTERN / Indian**
- ☒ age. My date of birth is **01-01-1965** *(Give your date of birth only if you are asserting a claim of age discrimination.)*
- ☐ disability or perceived disability, ____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

**PLEASE SEE INFRA**

*Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

4) **Exhaustion of Federal Administrative Remedies:**

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: **PLEASE SEE INFRA.** ____ *(Date)*.

B. The Equal Employment Opportunity Commission *(check one)*: **PLEASE SEE INFRA.**

(PAGE 3 OF 9 PAGES)

## JURISDICTION

5. The jurisdiction of this honorable court is invoked under 28 USC, Sections 1331, 1343 and 42 USC 2000 and under above referenced laws. In addition, the jurisdictional prerequisites to this lawsuit have been fully satisfied as follows:

   A. That I the plaintiff have filed formal charges with the Equal Employment Commission under EEOC charge # 520-2011-02781 on July 07, 2011 against the defendant.

   B. The Equal Employment Commission has issued a right to Sue letter to the plaintiff dated October 15, 2011 which I have received on October 18, 2011. The copies of the complaints to EEOC and Right to Sue letter are attached hereto for proof as Exhibit A.

   C. This action has been commenced within the ninety (90) days of the plaintiff's receipt of his Right to Sue letter.

## VENUE

6. Under 28 U.S.C., Section 1391 venue is proper in this honorable district because all substantial parts of the facts and events giving rise to this action occurred in the Northern district of New York. Moreover, the defendant is situated and or located or conducting business in this district and it has sufficient minimum contacts to the subject it/her to personal jurisdiction in this honorable district court. In addition, the venue is proper in this judicial district because the unlawful employment practice alleged herein was committed in this judicial district. The prospective employment or employment records relevant to the unlawful practice alleged herein are maintained and administered in this judicial district. In addition, the plaintiff would have worked in this judicial district but for the alleged unlawful employment practice. Also, the defendant has its principal office in this judicial district.

## PARTIES

7. I, Iqbal Naz Sulehria, am a Pro-Se Plaintiff and at all times hereinafter mentioned, was and still am a resident and domiciliary of the County of Kings, State of New York. I am a practicing Muslim. Now, I am over 47 years old. I am a male. I was born in Pakistan. I came to America in 1993. I am a naturalized U.S. Citizen. I received an LL.B. degree and an attorney's license to practice law in Pakistan from Punjab Bar Council, Pakistan. I continued my education and have earned an LL.M. degree from TOURO Law Center, Long Island, New York. Also I have worked as a Legal Coordinator for the New York City, Department of Correction for over fourteen (14) years.

8. At all relevant times State of New York was and still is a State corporation incorporated under the laws of the United States and the State of New York with its principal place of business located at Albany, New York. The state of New York is a public employer. This Defendant is responsible through its different departments for the care control, supervision and day-to-day hiring, firing and operating of the New York State employees and as well as the supervision of the employees and its departments who are functioning in its facilities. Also, this defendant had the authority to make decisions about hiring or not hiring of job applicants and potential employees such as your plaintiff. This defendant is charged with the duty of insuring that the

(PAGE 4 OF 9 PAGES)

potential employees or not subjected to illegal discriminatory hiring practices. This defendant is a policy maker for the New York State employees and potential employees.

9. On or about September 2, 2010, I applied for the following jobs:

  i)  Employment specialist for individuals with Disabilities1;
  ii)  Supervisor of Correctional facility Volunteer Services;
  iii)  Labor Services Representative Trainee 1;
  iv)  Human Rights Specialist 1;
  v)  Correction Officer Trainee; and
  vi)  Public work wage Investigator.

10. With respect to Employment Specialist's title, I was not even allowed to take the written test. I learned about this discriminatory job denial on or about September 27, 2010.

11. With respect to Supervisor of Correctional Facility's job, I was not even allowed to sit for the test. I learned about this discriminatory job denial on or about September 20, 2010.

12. With respect to Labor Services Representative's job, I was not even allowed to take the written test. I learned about this discriminatory job denial on or about October 6, 2010.

13. With respect to Human Rights Specialist's job, I was not even allowed to take the written test. I learned about this discriminatory job denial on or about October 10, 2010.

14. With respect to Correction Officer's job, I was not even given an opportunity to sit for the test. I learned about this discriminatory job denial on or about June 21, 2010.

15. For following five positions I was attempting to sit for the written exams to be administered in the City of New York:

|    | Title | Written Test Date |
|----|-------|-------------------|
| i. | Employment Specialist | October 30, 2010 |
| ii. | Supervisor Correctional Facility | October 30, 2010 |
| iii. | Labor Services Representative I | October 30, 2010 |
| iv. | Human Rights Specialist I | October 16, 2010 |
| v. | Correction Officer Trainee | October 16, 2010 |

However, my applications were denied without any bona fide business reasons. For more details and factual specifications, kindly see my job applications and Notices for exams attached hereto as Exhibit B for proof. I was not issued passes or permission letters to take these tests for illegal discriminatory reasons and without any bona fide business reason.

16. With respect to work wage Investigator's job, the defendant had refused to hire me despite the fact that I had higher credentials than the individuals who were hired by the department without any bona-fide business reason.

(PAGE 5 OF 9 PAGES)

17. Defendant's discrimination against the plaintiff with respect to terms. Conditions and privileges of prospective employment and classification of plaintiff in employment was intended to deny and have had the effect of denying the plaintiff equal employment opportunities and to otherwise adversely affect his status as prospective employee solely because of his ethnicity and age in violation of his rights secured to him by Title VII of the Civil Rights Act of 1964, 42 USC Section 2000 et Seq.

18. The other similarly situated individuals were allowed to take the exams. In addition, they were awarded jobs also by the defendant herein. The above listed positions were filled by those whose ancestries were not Pakistani/Indian and or Middle Eastern.

19. Had I also been a born American and less than 40 years old, I would not have been singled out and denied above mentioned jobs in the case sub judice.

20. Upon information and belief Christian, white, Black, female and under 40 years of age employees are hired systematically by the State of New York even though they do not meet the hiring criteria and for the same reasons jobs were granted in the case at hand too.

21. The terms and conditions of the complainant's potential employment were materially altered by the Defendant.

22. I, the Petitioner was treated differently than others similarly situated potential employees. Such selective treatment was based on impermissible considerations such as my age and ethnicity.

23. I was much better qualified than the individuals who got the jobs. They are less educated, less qualified, less experienced and less competent than your plaintiff in this case.

24. The defendant awarded above mentioned positions to other individuals based upon illegal discrimination. I was better qualified for those positions. I have an LL.M. degree and those who were hired by the defendants had much lower education and experience level than your plaintiff.

25. The Defendant subjected the plaintiff to intentional illegal employment discrimination. Therefore, the plaintiff is entitled to monetary and non-monetary relief.

26. The defendant manipulated a hiring system to benefit Christian, White, Black and under 40 years old job applicants. The defendant used its departments as a clock for illegality and corruption.

27. The plaintiff has not plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for a preliminary and permanent injunction it his only mean of securing adequate relief in addition to the other relief requested hereinafter. The plaintiff is now suffering and will continue to suffer irreparable injury from the Defendant's policies, practices, customs and usages as set forth herein.

(PAGE 6 OF 9 PAGES)

28. That by reason of the aforesaid, the plaintiff, Iqbal Sulehria, in addition to the injuries that he has suffered, still suffers and may in the future continue to suffer great pain, fevers, chronic headaches, extreme emotional disturbance/severe emotional distress, anxiety, irritability, loss of sleep, damage to reputation, that he was compelled to seek medical care, attention and treatment in an effort to be cured of his said injuries and may in the future be so required; that he was disable from attending to his usual duties and activities and may in the future be so disabled; that he was confined to his bed and home and for a period of time and may in the future be so confined.

29. That I, the plaintiff, Iqbal Naz Sulehria herein declare under penalty of perjury that the foregoing facts, allegations and claims are true to the best of my recollection and knowledge except to the matters herein stated to be alleged upon information and belief, and so to those matters, I believe them to be true and the relief requested in this complaint is not frivolous.

## FIRST CLAIM FOR REFLIEF
## AGE DISCRIMINATION

30. The Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 30.

31. The plaintiff respectfully requests relief under above-mentioned claim and all applicable laws.

## SECOND CLAIM FOR REFLIEF BASED ON ETHNICITY

32. The Plaintiff repeats and re-alleges the allegations contained in Paragraphs 1 through 32.

33. The plaintiff respectfully requests relief under above-mentioned claim and all applicable laws.

34. The Plaintiff respectfully requests relief based upon any other cause of action or claim which can be inferred from the facts of this case in the interest of justice and equity, in addition to above claims and causes of action.

35. The plaintiff has not commenced any other action in any other court regarding facts of this complaint.

## **PRAYER FOR RELIEF**

WHEERFORE, and in view of the foregoing, it is respectfully requested that the honorable court assume jurisdiction herein and thereafter:

    A. Impanel a jury to consider the merits of the plaintiff's claims.
    B. Assume supplemental jurisdiction over all State law claims.
    C. Declare the actions and conduct to be violative of the rights of the plaintiff under the New York City, the State and the Federal laws.

    D. Issue appropriate permanent injunctive relief including but not limited to the following:

1. The defendants must be barred from engaging in above-mentioned illegal, unlawful and discriminatory employment policies and practices.

2. Nullify all of the illegal appointments of unknown individuals who were hired without the merit and just based on illegal discriminatory reasons in this case.

E. Award the plaintiff compensatory damages in the amount of one hundred Million dollars for following and because:

1. The plaintiff was denied the opportunity to work overtime.
2. Award damages for the future lost earnings/career Advancement and enjoyment.
3. Liquidated damages to be determined at the trial.
4. Past medical costs.
5. Future medical costs.
6. Emotional distress.
7. Past and future pain and suffering and mental anguish.
8. Interests and compound interest.
9. Back Pay.
10. Punitive or other appropriate damages.

F. Enter a judgment for the imposition of the constructive trust for an accounting and for disgorgement of illicit profits.

G. Establish an independent commission to monitor the defendant's conduct in order to make sure that it shows full compliance with the City, the State and the Federal laws in the future.

H. The NYS must be ordered to educate and train every State employee; To undergo sensitivity training and Equal Employment Opportunity Law related programs at least once a year if the employee is working in a non-managerial position and twice a year if the employee is working in a supervisory position or as a policy making official.

I. Award reasonable costs and attorney's fees in case the plaintiff hires an attorney in the future; and

J. Award such other and further permanent and declaratory relief as is appropriate and Just.

Dated: Brooklyn, New York
June 08, 2012

IQBAL N. SULEHRIA
Phone No. 347-543-9616
1117 Coney Island Avenue, Suite 2F
Brooklyn, NY 11230

(PAGE 8 OF 9 PAGES)

State of New York )
County of Kings    ) s.s.

# VERIFICATION

Iqbal N. Sulehria, being duly sworn, deposes and says: that he is the plaintiff herein, that he has read the foregoing complaint and knows the content thereof; that the same is true of his own knowledge except to the matters therein stated on information and belief; and that as to those matters he believes the same to be true.

                                        IQBAL N. SULEHRIA
                                        Phone No. 347-543-9616
                                        1117 Coney Island Avenue, Suite 2F
                                        Brooklyn, NY 11230

Subscribed and sworn to
Before me this 08th day of June 2012


Notary Public

                    TANWEER AHMED KHAN
              NOTARY PUBLIC-STATE OF NEW YORK
                      No. 01KH6242057
                  Qualified in Kings County
             My Commission Expires May 31, 2015

(PAGE 9 OF 9 PAGES)

